**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ***In re:*** | : | **Chapter 11** |
| | : | |
| **NEW PATH VISION OF POTTSTOWN, LLC** | : | **Bankruptcy No. 26-** |
| | : | |
| | : | |
| **Debtor.** | : | |

**DECLARATION OF JOHN F. SHAW IN SUPPORT OF FIRST DAY MOTIONS FILED BY THE DEBTOR**

John F. Shaw, managing member of New Path Vision of Pottstown, LLC, makes the following Declaration in Support of the First Day Motions:

1. I am the Managing Member of New Path Vision of Pottstown, LLC (the "Debtor" or "New Path"). I submit this declaration (the "Declaration") on behalf of the Debtor in support of its various first day motions.

2. I have personal knowledge of the facts set forth in the Motions seeking authority to (I) use cash collateral, (II) pay Prepetition Wages, (III) pre-petition bank accounts and (IV) providing for related relief (the "Motions").

3. On November 16, 2026, the Debtor filed a voluntary petition for relief under chapter 11, subchapter V of title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

4. I have reviewed the Motions on behalf of the Debtor and feel it is in the best interest of the Debtor and its estate to seek the relief as set forth in the Motions.

5. I am fully familiar with the Debtor's operations and business affairs and am duly authorized to submit this Declaration on behalf of the Debtor.

6. New Path Vision operates a comprehensive optometric practice that specializes in modern diagnostics techniques and specializes in comprehensive eye care, advanced diagnostics, dry-eye expertise, eyewear and contract-lens support in Pottstown, Pennsylvania.

7. The Debtor also currently leases space from New Path Medical Group, LLC at 1100 Heritage Drive, Sanatoga, Pennsylvania 19462 (the "Property"). The Debtor entered into the Lease in October of 2021. A true and correct copy of the Lease is attached as Exhibit 'A."

8. New Path has valued employees who maintain and operate optometry practice. The loss of these vetted and qualified employees would represent a significant loss not only to the Debtor but to the patients who have scheduled appointments and have utilized the services of the Debtor for the previous five (5) years.

Debtor's Workforce

9. As of the Petition Date, the Debtor has five (5) employees and one (1) 1099 contractor (the "Employees").

10. Payroll for the Employees is paid every Friday.

11. The next payroll is therefore due to be paid on November 20, 2026, for the pay and covers the prior week of pre-petition time.

12. The amount of the Debtor's payroll is approximately $10,000.00.

Circumstances Leading to the Debtor's Chapter 11 Bankruptcy Filing

13. The Debtor entered into a small business loan with Meridian Bank ("Meridian") in August of 2021 for an original principal balance of $1,250,000 (the "SBA Loan").

14. Subsequently, in 2023, the Debtor entered into a second working capital loan in the original principal amount of $500,000.00.

15. The Debtor is behind in payments on the SBA Loan.

16. In addition to the SBA Loan, the Debtor has a franchise agreement with Sterling Optical (the "Franchise Agreement"). The Franchise Agreement is a drain on operating capital, and the Debtor will be sending a Notice of Rejection concurrent with this filing. A true and correct copy of the Notice of Rejection is attached hereto as Exhibit "B."

17. Furthermore, the Debtor has various pieces of equipment that are not in operation and will be seeking to reject those contracts in order to further clear up operating capital in order to put forth a plan as to SBA Loan.

Continuing Value

18. The Debtor continues to operate and grow its practice.

19. The Debtor seeks to make payments under the Lease for the benefit of the SBA Loan.

20. The Debtor will reject contracts in order to free up necessary operating capital, while continuing to provide great services for its clients.

Secured Creditors

20. The Debtor has one primary secured lender, Meridian, with lien on the Debtor's assets as well as the assets of certain guarantors. The Secured Lender is also secured by the Property and has a guarantee against the Debtor's principal.

21. In addition to Meridian, the Debtor owes two (2) equipment lenders, Wells Fargo Bank and Arvest Bank[1]. Both have security interests only in certain pieces of equipment.

Cash Collateral Motion

23. Specifically, I am in a position to testify about the Debtor's proposed cash collateral budget attached, its operations, its employees and ordinary course expenses such as the

---

1 The Debtor believes this was paid off and will work to resolve and/or confirm any UCC-1 is terminated.

maintenance, insurance and security of its assets. A true and correct copy of the Debtor's Budget is attached hereto as Exhibit "C".

24. The Debtor has prepared the cash flow budget attached as Exhibit "C" which demonstrates that the Debtor is positive on a cash flow basis operationally and will generate more cash than it will spend.

25. The Debtor is maintaining, insuring and securing all of the collateral which provides additional adequate protection.

26. In addition, the Debtor's continued operations provide a platform for a reorganization that benefits all creditors and is adequate protection for Meridian.

27. The Debtor's Exhibit C provides that all expenses are paid and that the Debtor continues to operate, while maximizing operations.

28. The Debtor will have the ability to satisfy all payroll and ongoing expenses and fulfill any debt to secured creditors.

29. The expenses the Debtor seeks to incur for use of cash collateral are reasonable and necessary and directly related to the preservation of the collateral and the business.

30. Meridian is adequately protected by the Debtor's Property and its additional collateral. The Debtor is providing replacement liens as additional adequate protection.

31. The Debtor requires use of cash collateral to continue operations.

<u>Use of Cash Collateral</u>

32. New Path Vision requires immediate authority to use cash collateral in order to fund payroll and the operating expenses necessary to continue to operate.

33. Absent such authority, New Path Vision faces an imminent risk of closing at the risk and determinant to its employees and patients.

34. New Path Vision's proposed use of cash collateral is necessary to preserve the going-concern value of the business for the benefit of all creditors, including Meridian, whose recovery is maximized by New Path's continued operation rather than a disorderly wind-down precipitated by an inability to fund payroll and basic operating costs.

Continued Use of Pre-Petition Bank Accounts

35. The Debtor has one bank account at Member 1st federal credit union that services various insurance and/or receivables.

36. The Debtor seeks to continue to use this account in order to prevent unnecessary disruption in payments from various 3rd party insurance payers.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are false, I may be subject to punishment.

NEW PATH VISION OF POTTSTOWN, LLC

Dated: November 16, 2026

By ____________________
Name: John F. Shaw
Title: Managing Member